UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LEVI A. BENSON,<br><br>Plaintiff,<br><br>v.<br><br>JUDGE BRYAN KAY MURRY,<br><br>Defendant. | Case No. 4:25-cv-00574-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Plaintiff Levi A. Benson has three filings before the Court: an application to proceed without prepayment of fees,[1] a proposed complaint, and a motion for default judgment. For the reasons explained below, the Court will grant Benson's application but will dismiss his complaint and deny his motion for default judgment.

# ANALYSIS

A person with limited resources may bring a civil case in federal court "in forma pauperis," which means without prepaying the otherwise necessary fees.

---

[1] Benson filed two additional applications to proceed without prepayment of fees, (Dkts. 4, 6) but he did not provide any meaningful alterations to his original application.

MEMORANDUM DECISION AND ORDER - 1

28 U.S.C. § 1915. To qualify to proceed this way, such a person must apply with the court by submitting an affidavit—a written document given under oath or affirmation—in which the person explains their financial status and states that they are unable to pay the fees. *Id.* The applicant must state the relevant facts in this affidavit "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

The court must also review the applicant's complaint—the document used to start the lawsuit. As part of that review, the court is authorized to dismiss a case if it is frivolous or malicious, fails to state a claim that could result in the granting of relief, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998). The Court first "grants or denies [in forma pauperis] status based on the plaintiff's financial resources alone and then independently determines whether to dismiss the complaint." *Franklin v. Murphy*, 745 F.2d 1221, 1226, n.5 (9th Cir. 1984). During this initial review, a court generally gives the applicant the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).

<u>The Application</u>

In evaluating the application to proceed without prepayment of fees, the Court compares the applicant's income to the poverty guidelines as a gauge of ability to pay. *Clark v. Commissioner of Social Security*, 2022 WL 1271005, at *1

(E.D. Cal. Apr. 28, 2022). The applicant however need not "be absolutely destitute" to proceed without paying fees. *Adkins v. E.I. du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948). In Benson's application, he does not indicate that anyone relies on him for support. *Appl.* ¶ 8, Dkt. 1 at 5. The poverty level for a single person according to the Guidelines is $15,650. *HHS Poverty Guidelines for 2025*.[2]

In his application, Benson noted that over the past twelve months, he earned $250 per month from employment and that he received $292 per month in public assistance.[3] *Appl.* ¶ 1, Dkt. 1 at 2. Thus, his average monthly income for the past twelve months was $542. *See Appl.* ¶ 1, Dkt. 1 at 2. So, he received roughly $6,504 for the year prior to filing his application, which is below the poverty level of $15,650 for an individual. The Court therefore concludes that Benson cannot afford to pay any filing fees for this action at this time and will grant his motion for leave to file without paying those fees. *See* 28 U.S.C. § 1915(a)(1).

---

[2] The HHS Poverty Guidelines for 2025 are available at
https://aspe.hhs.gov/sites/default/files/documents/dd73d4f00d8a819d10b2fdb70d254f7b/detailed-guidelines-2025.pdf.

[3] The amounts Benson listed in his application are slightly different than those he listed in his application in another case he brought in this Court around the same time he initiated this one. *See Benson v. James, et al.*, Case No. 4:25-cv-573. That said, in both cases his income based on the amounts he reported fell well below the poverty guidelines.

MEMORANDUM DECISION AND ORDER - 3

The Motion for Default Judgment

Benson also filed a motion for default judgment. *Mot. for Default Judgment*, Dkt. 7. In it, he argued that his application to proceed with his case without prepayment of filing fees should be granted because no response to that application was filed by November 25, 2025. *Mot. for Default Judgment*, Dkt. 7. Because the Court will grant Benson's application, the motion for default judgment is denied.

The Complaint

In Benson's complaint, he appears to raise a cause of action against the Defendant "Ada County Judge [Bryan Kay] Murr[a]y" for "misconduct" regarding a "default judgment." *Civil Cover Sheet*, Dkt. 2-1 at 1. Benson sues for money damages, which he estimates to be $250,000. *Civil Cover Sheet*, Dkt. 2-1 at 1.

Judges, however, are absolutely immune from civil liability for damages arising from their judicial acts. *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). Absolute immunity applies even when the judge's action was done with "malicious or corrupt motives," or when the exercise of judicial authority is "flawed by the commission of grave procedural errors." *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002). To determine whether an act is judicial in nature so that immunity applies, a court looks to "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362.

Here, though Benson provides only a few words to describe the nature of his claim, he indicates that the "misconduct" he seeks damages for stems from a "default judgment." *Civil Cover Sheet*, Dkt. 2-1 at 1. As a default judgment is a typical judicial procedure, it appears that Benson's claim arises from judicial action. Thus, Judge Murray is immune from suit. The Court will therefore dismiss Benson's case.

However, the Court will dismiss Benson's case without prejudice to him amending his complaint to assert a plausible claim not barred by judicial immunity, such as a claim tied to conduct that is not judicial in nature or that stems from a judge acting "in the clear absence of all jurisdiction." *See Gregory v. Thompson*, 500 F.2d 59, 63 (9th Cir. 1974); *Stump*, 435 U.S. at 356. Of note, however, Idaho state district courts have original jurisdiction over all cases and proceedings in law and in equity, which makes it likely Judge Murray was acting within the jurisdiction of the district court in issuing a default judgment, if that is what occurred. Idaho Code § 1-705; Idaho Const. art. V, § 20.

Moreover, to the extent Benson seeks to challenge a determination made in state court, this Court does not have jurisdiction to consider it. Federal courts cannot hear anew claims already adjudicated by the state courts. That is, federal courts have no jurisdiction "over challenges to state-court decisions, in particular cases arising out of judicial proceedings, even if those challenges allege that the

state court's action was unconstitutional. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *see also Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). "This rule applies even though . . . the challenge is anchored to alleged deprivations of federally protected due process and equal protection rights." *Feldman*, 460 U.S. at 486 (internal citation omitted); *see also Rooker*, 263 U.S. 413 (holding that lower United States federal courts may not sit in direct review of state court decisions). Rather, under 28 U.S.C. § 1257, "the proper court in which to obtain such review is the United States Supreme Court." *Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986). This rule of law is known as the "*Rooker-Feldman* doctrine."

The doctrine bars not only issues heard in the state court action, but "any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Doe v. Mann*, 415 F.3d 1038, 1042 (9th Cir. 2005) (citing *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003)). Claims are inextricably intertwined where the relief requested "would effectively reverse the state court decision or void its ruling." *Cooper v. Ramos*, 704 F.3d 772, 778-779 (9th Cir. 2012).

Standards for Amending the Complaint

If Benson intends to file an amended complaint, he must not only comply with the instructions outlined above, he must also be sure to include "a short and

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). And he must plead "enough facts to state a claim that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which means he must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Further, any amended complaint must contain all of Benson's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference his prior pleadings or documents. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Benson must also set forth each factual allegation in a separate, numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as the "Amended Complaint." Benson's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Benson files an amended complaint, he must also file a "Motion to Review the Amended Complaint." If he does not amend within 28 days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant *cannot* state a claim.").

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's applications for leave to proceed in forma pauperis (Dkts. 1, 4, 6) are **GRANTED**.

2. Plaintiff's Motion for Default Judgment (Dkt. 7) is **DENIED**

3. Plaintiff's Complaint (Dkt. 2) is **DISMISSED** without prejudice and with leave to amend. Plaintiff has 28 days to file an amended complaint as explained above.



DATED: January 2, 2026

B. Lynn Winmill
U.S. District Court Judge